[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR RECONSIDERATION (DOCKET ENTRIES NOS. 120 AND 121)
The plaintiff and the defendant have moved for reconsideration of the court's decision with respect to their respective claims for summary judgment as to counts 1, 2, 6 and 7 of the plaintiff's complaint. The plaintiff argues that because the court denied summary judgment with respect to counts one and two, alleging breach of implied contract and breach of contract, the court must deny summary judgment as to count five alleging breach of the implied covenants of good faith and fair dealing. This argument was raised in opposition to the defendant's motion for summary judgment and was rejected correctly by the court on pages eleven through fifteen of the memorandum of decision. Therefore, the plaintiff's motion for reconsideration is denied.
The defendant moves for reconsideration with respect to the denial of summary judgment on counts one, two, six and seven. The defendant contends that the wrong employee handbook was relied upon to find that there is a genuine issue of fact. The defendant asserts that the deposition of the plaintiff establishes that there is no issue of fact as to the operative handbook.
The confusion regarding the relevant employee handbook stems from several factors. The defendant did not submit any employee manuals to the court. The plaintiff has submitted several manuals including: handbook dated 1991 (plaintiff's exhibit 1); handbook revisions dated 1993 (plaintiff's exhibit 2); handbook dated 1978 but amended in 1980 (plaintiff's exhibit 3); handbook dated 1983 (plaintiff's exhibit 6). The defendant relies on exhibits and a deposition which are not in the file even though the defendant asserts that the plaintiff's deposition and accompanying exhibits were attached to the defendant's motion for summary judgment. For instance, the defendant's motion for reconsideration refers to the plaintiff's deposition and exhibit nine of the plaintiff's deposition, neither of which are attached to the defendant's motion in the file. CT Page 10481
The discussion of the employee manuals should be corrected as follows. The present case involves several handbooks, not two. When the plaintiff was hired in 1983, it is not clear which handbook was operative. It is the handbook dated 1978, as amended in 1980, which provided that employees may be discharged for cause and contained no disclaimer, not the 1983 handbook. The handbook dated 1983 omitted the "for cause" language but also did not contain a disclaimer stating that the handbook did not constitute a contract of employment. (Plaintiff's exhibit 6.) As discussed in the memorandum of decision, the defendant promulgated a new employee handbook in 1991 which contained a specific disclaimer.
The defendant contends that the handbook dated 1983 was in effect and that the plaintiff received this handbook upon being hired. (Defendant's Cross-Motion for Reconsideration, p. 2.) The plaintiff argues that the 1978 handbook, as amended in 1980, was in effect at the time of her hiring. (Plaintiff's Memorandum in Support of Objection to Defendants' Motion for Summary Judgment, p. 1.) The defendant has not submitted evidence to support its contention. As noted above, the defendant relies on evidence not in the file. The one affidavit submitted by the defendant does not refer to any employee manual, let alone establish which manual the plaintiff was given. Thus, the defendant has failed to meet its burden of showing that there are no genuine issues of material fact.
Although the memorandum of decision mistakenly referred to plaintiff's exhibit three as the 1983 handbook, there remains a question of fact as to whether the handbook in exhibit three is the operative handbook. Accordingly, the court correctly denied the motion for summary judgment as to counts one, two, six and seven. The motion for reconsideration is granted for the limited purpose of correcting the erroneous references to the various handbooks as discussed above.
SKOLNICK, J